# EXHIBIT C

Exhibit C

Filed
11/11/2019 2:02 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

CAUSE NO. **19-DCV-268450** _____

| | | |
|---|---|---|
| TIMOTHY BRYAN HORNER AND KATHRYN DENISE HORNER, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs,* | § § | |
| V. | § § | FORT BEND COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S, | § § | Fort Bend County - 268th Judicial District Court |
| *Defendant.* | § § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Timothy Bryan Horner and Kathryn Denise Horner, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Texas Lloyd's ("Allstate") (or "Defendant") and for cause of action, Plaintiffs respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiffs, Timothy Bryan Horner and Kathryn Denise Horner, resides in Fort Bend County, Texas.

3. Defendant, Allstate Texas Lloyd's, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs requests service of citation upon Allstate, through its registered agent for service: **c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136**. Plaintiffs request service at this time.

**JURISDICTION**

4.     The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

**VENUE**

5.     Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

6.     Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.     Plaintiffs own an Allstate Texas Lloyd's insurance policy, number ███████ ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 12119 Valencia Street Meadows Place, Texas 77477 ("the Property").

8.     Allstate Texas Lloyd's or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate Texas Lloyd's represented to Plaintiffs that the Policy included hail and windstorm On or about April 13, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Meadows Place/Fort Bend Texas area.

9.     In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property.  Allstate assigned claim number ██████ to Plaintiffs' claim.

10.     Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

11.     Allstate hired or assigned its agent, Hart, to inspect and adjust the claim.  Hart conducted an inspection on or about July 10, 2019, according to the information contained in his estimate.  Hart's findings generated an estimate of damages totaling $2,792.52. After the application of depreciation and $1,940.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

12.     Allstate, through its agent, Hart, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13.     Allstate and Hart have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Hart alleges he found no storm-related damage to Plaintiffs' Property. The third-party inspector hired to review the damage to the Property found damage to Plaintiffs' composite shingle roofing. In addition, the third-party inspector found damage to the vents, flashing, gutters, and downspouts that were completely absent from Hart's denial letter.

14.     The damage to Plaintiffs' Property is currently estimated at $13,121.24.

15.     Hart had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Hart.

16. Furthermore, Hart was aware of Plaintiffs' deductible prior to inspecting the Property. Hart had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

17. Hart misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Hart made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18. After reviewing Plaintiffs' Policy, Hart misrepresented that the damage was caused by non-covered perils. Hart used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' property would not be covered under the policy.

19. As stated above, Allstate and Hart improperly and unreasonably adjusted Plaintiffs' claim. Without limitation, Allstate and Hart misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

20. Allstate and Hart made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate and Hart made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Hart.

21. Plaintiffs relied on Allstate and Hart's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these

misrepresentations.

22.   Upon receipt of the inspection and estimate reports from Hart, Allstate failed to assess the claim thoroughly.   Based upon Hart's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23.   Because Allstate and Hart failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property.   This has caused additional damage to Plaintiffs' Property.

24.   Furthermore, Allstate and Hart failed to perform their contractual duties to Plaintiffs under the terms of the Policy.   Specifically, Hart performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

25.   Allstate and Hart's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.   Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

26.   Allstate and Hart's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (1).   Allstate and Hart have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Hart have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements,

with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

27.     Allstate and Hart's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Allstate and Hart failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

28.     Additionally, after Allstate received statutory demand on or about 09/10/2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

29.     Allstate and Hart's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Hart performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiffs under the Policy.

30.     Specifically, Allstate and Hart performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to Hart subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

32.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Hart's intentional undervaluation of

6

Plaintiffs' claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Hart's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received rightful payment for Plaintiffs' claim.

33.    Allstate and Hart's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYD'S

34.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

35.    Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

36.    Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

37.    Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

38.    Allstate's unfair settlement practice of misrepresenting to Plaintiffs' material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

39.    Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

40.    Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

41.    Allstate's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

42.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

43.     Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

46.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bring this cause of action against Allstate.  Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

    A.     By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations

9

include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.     Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.     Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.     Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.     Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.     Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

47.    Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages.  All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

48.    Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

49.    Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

50.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

51.    Plaintiffs currently estimate that actual damages to the Property under the Policy are $13,121.24.

52.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

53.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

54.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56.   For breach of the common law duty of good faith and fair dealing, Plaintiffs is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

57.   Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

12

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

58.  For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.  As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks only monetary relief of less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs prays that Defendant, Allstate Texas Lloyd's, be cited and served to appear, and that upon trial hereof and that Plaintiffs, Timothy Bryan Horner and Kathryn Denise Horner, recover from Defendant, Allstate Texas Lloyd's such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

14

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

Fort Bend County - 268th Judicial District Court

Case 4:20-cv-00087   Document 1-5   Filed on 01/09/20 in TXSD   Page 17 of 32

Filed
11/11/2019 2:02 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: 19-DCV-268450          **COURT** *(FOR CLERK USE ONLY)*:

**STYLED** TIMOTHY BRYAN HORNER AND KATHRYN DENISE HORNER v. ALLSTATE TEXAS LLOYD'S

## 1. Contact information for person completing case information sheet:

| Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|

Name: Chad T. Wilson
Email: cwilson@cwilsonlaw.com

Address: 455 E Medical Center Blvd., Ste 555
Telephone: 832-415-1432

City/State/Zip: Webster, TX 77598
Fax: 281-940-2137

Signature:
State Bar No: 24079587

Plaintiff(s)/Petitioner(s):
Timothy Bryan Horner
Kathryn Denise Horner

Defendant(s)/Respondent(s):
Allstate Texas Lloyd's

[Attach additional page as necessary to list all parties]

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other:

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Filed
11/11/2019 2:02 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez



# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
## 301 Jackson, Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

## REQUEST FOR PROCESS
### All sections <u>must</u> be completed for processing this request.

---

**Section 1:**

Cause No. **19-DCV-268450**          Fort Bend County - 268th Judicial District Court

STYLE: Timothy Bryan Horner and Kathryn Denise Horner  VS  Allstate Texas Lloyd's

---

**Section 2:**
## Check Process Type:

☑ Citation                                    ☐ Precept to Serve / Notice of Hearing

☐ Citation by Posting                         ☐ Citation by Commissioner of Insurance

☐ Temporary Restraining Order                 ☐ Notice of Registration of Foreign Judgment

☐ Citation by Secretary of State              ☐ Writ of _____

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Citation by Publication*:
   ☐ **Daily**: Fort Bend Herald          ☐ **Once a Week**: Fort Bend Independent
   ☐ **Other**: _____
   * In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices

☐ Other _____

**REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM**

---

**Section 3:**
## Title of Document/Pleading to be attached for service: _____

Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure

---

**Section 4:** ## PARTIES TO BE SERVED (Please type or print):

1. Name: Allstate Texas Lloyd's

   Address: 1999 Bryan Street, Suite 900

   City: Dallas                    State: Texas                    Zip: 75201-3136

2. Name: _____

   Address: _____

   City: _____    State: _____    Zip: _____

3. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

4. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

5. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

---

**Section 5**

## Check Service Type – Additional Fees Apply:

☐   Fort Bend County – Constable*         ☐   Fort Bend County – Sheriff*

☐   Certified Mail                        ☐   Registered Mail (Out of Country)

\* Fort Bend County Constable and Sheriff will only serve within their jurisdiction.

---

**Section 6 (ONLY if Section 7 does not apply)**

**Please Note:  Our office will use the e-Service email address registered with the Texas State Bar.**

## Attorney Name: Chad T. Wilson

Address: 455 East Medical Center Blvd., Suite 555

| Webster | Texas | 77598 |
|---|---|---|
| City | State | Zip |

Telephone No. 832-415-1432   Bar No. 24079587

---

**Section 7 (ONLY if Section 6 does not apply)**

## Pro-Se Name:_____

Address:_____

Street/P.O. Box

_____   _____   _____
City                         State                         Zip

Telephone No._____ Email Address _____

## Pro-se Service Only:

☐ e-Service*      ☐ Mail to Pro-se Party*      ☐ Hold for Pick up

*Service will be mailed/emailed directly to pro-se party requesting issuance.

Filed
11/11/2019 2:02 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

# CHAD T. WILSON
L A W   F I R M ,  P L L C

November 11, 2019

Fort Bend County District Clerk
Beverley McGrew Walker
201 Caroline, Suite 420
Houston, Texas 77002

**19-DCV-268450**

RE:     Cause No._____; *Timothy Bryan Horner and Kathryn Denise Horner v. Allstate Texas Lloyd's;* In the _____ Judicial District Court, Harris County, Texas
Fort Bend County - 268th Judicial District Court

Dear Ms. Walker:

    Please prepare one (1) civil process citation for the following and have served via Certified Process Server:

Allstate Texas Lloyd's
c/o C T Corporation System
1999 Bryan Street, Suite 900
Austin, Texas 75201-3136

    I understand that there is a charge for this service and an additional charge to attach a copy of Plaintiff's Original Petition to the citation.  Please email the citation to the e-mail address on file for Chad Wilson, cwilson@cwilsonlaw.com.

    If any additional information is needed, feel free to contact this office.  Thank you for your cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
CWilson@cwilsonlaw.com

**www.cwilsonlaw.com**

Houston:
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432     Fax:   281-940-2137

Denver:
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999

Filed
12/11/2019 9:53 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans



# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
## 301 Jackson, Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

## REQUEST FOR PROCESS
**All sections <u>must</u> be completed for processing this request.**

**Section 1:**

Cause No. 19-DCV-268450

STYLE: Timothy Bryan Horner and Kathryn Denise Horner  VS  Allstate Texas Lloyd's

**Section 2:**

## Check Process Type:

- [✔] Citation
- [ ] Citation by Posting
- [ ] Temporary Restraining Order
- [ ] Citation by Secretary of State
- [ ] Application for Protective Order / Temporary (Ex Parte) Protective Order
- [ ] Citation by Publication*:
  - [ ] **Daily**: Fort Bend Herald      [ ] **Once a Week**: Fort Bend Independent
  - [ ] **Other**: _____
  - \* In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices
- [ ] Other _____

- [ ] Precept to Serve / Notice of Hearing
- [ ] Citation by Commissioner of Insurance
- [ ] Notice of Registration of Foreign Judgment
- [ ] Writ of _____

**REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM**

**Section 3:**

**Title of Document/Pleading to be attached for service:**_____

Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure

**Section 4: PARTIES TO BE SERVED (Please type or print):**

1. Name: Allstate Texas Lloyd's c/o CT  Corporation System

   Address: 1999 Bryan Street, Suite 900

   City: Dallas          State: Texas          Zip: 75201-3136

2. Name: _____

   Address: _____

   City: _____          State: _____          Zip: _____

3. Name: _____

Address: _____

City: _____ State: _____ Zip: _____

4. Name: _____

Address: _____

City: _____ State: _____ Zip: _____

5. Name: _____

Address: _____

City: _____ State: _____ Zip: _____

**Section 5**

## Check Service Type – Additional Fees Apply:

☐  Fort Bend County – Constable*          ☐  Fort Bend County – Sheriff*

☐  Certified Mail                                    ☐  Registered Mail (Out of Country)

\* Fort Bend County Constable and Sheriff will <u>only</u> serve within their jurisdiction.

**Section 6 (<u>ONLY</u> if Section 7 does not apply)**

**Please Note:  Our office will use the e-Service email address registered with the Texas State Bar.**

## Attorney Name: Chad T. Wilson

Address: 455 East Medical Center Blvd., Suite 555
_____
                                        Street/P.O. Box

Webster                          Texas                          77598
_____     _____     _____
        City                              State                              Zip

Telephone No. 832-415-1432     Bar No. 24079587

**Section 7 (<u>ONLY</u> if Section 6 does not apply)**

## Pro-Se Name: _____

Address: _____
                                        Street/P.O. Box

_____     _____     _____
        City                              State                              Zip

Telephone No. _____ Email Address _____

## Pro-se Service Only:

☐  e-Service*          ☐  Mail to Pro-se Party*          ☐  Hold for Pick up

*Service will be mailed/emailed directly to pro-se party requesting issuance.*

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

## THE STATE OF TEXAS

### CITATION

TO:   **ALLSTATE TEXAS LLOYD'S
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
AUSTIN TX  75201-3136**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **November 11, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-268450** and is styled:

**TIMOTHY BRYAN HORNER AND KATHRYN DENISE HORNER V. ALLSTATE TEXAS LLOYD'S**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON
CHAD T WILSON LAW FIRM PLLC
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER TX  77598
832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 11th day of December, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Donald Evans_
Deputy District Clerk **DONALD EVANS**
Telephone: **(281) 238-3276**

**ORIGINAL**

19-DCV-268450                                    268th Judicial District Court
Timothy Bryan Horner and Kathryn Denise Horner v. Allstate Texas Lloyd's

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M. on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                              (First, Middle, Last)

my date of birth is_____, and my address is _____

_____,"
                                                                          (Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**
Citation (Original Petition) issued to Allstate Texas Lloyd's on 12/11/2019.

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK** THE STATE OF TEXAS

CITATION

TO:     **ALLSTATE TEXAS LLOYD'S**
        **C/O CT CORPORATION SYSTEM**
        **1999 BRYAN STREET SUITE 900**
        **AUSTIN TX  75201-3136**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **November 11, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-268450**  and is styled:

**TIMOTHY BRYAN HORNER AND KATHRYN DENISE HORNER V. ALLSTATE TEXAS LLOYD'S**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 11th day of December, 2019.**

                         **DISTRICT CLERK BEVERLEY MCGREW WALKER**
                         **FORT BEND COUNTY, TEXAS**
                         Physical Address:
                         1422 Eugene Heimann Circle, Room 31004
                         Richmond, Texas 77469
                         Mailing Address:
                         301 Jackson Street, Room 101
                         Richmond, Texas 77469

                         By: _Donald Evans_
                         Deputy District Clerk **DONALD EVANS**
                         Telephone: **(281) 238-3276**

**SERVICE**

**19-DCV-268450**                                          **268th Judicial District Court**
**Timothy Bryan Horner and Kathryn Denise Horner v. Allstate Texas Lloyd's**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ____M. on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
(First, Middle, Last)

my date of birth is_____, and my address is _____
(Street, City, Zip)

_____,"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
12/16/2019 12:23 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

# SERVICE FEE NOT COLLECTED
# BY DISTRICT CLERK

### THE STATE OF TEXAS

### CITATION

**TO:**   ALLSTATE TEXAS LLOYD'S
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
AUSTIN TX  75201-3136

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **November 11, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-268450** and is styled:

**TIMOTHY BRYAN HORNER AND KATHRYN DENISE HORNER V. ALLSTATE TEXAS LLOYD'S**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 11th day of December, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Donald Evans_
Deputy District Clerk **DONALD EVANS**
Telephone: (281) 238-3276

**ORIGINAL**

19-DCV-268450                                    268th Judicial District Court
Timothy Bryan Horner and Kathryn Denise Horner v. Allstate Texas Lloyd's

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _11_ day of _December_, 20_19_ at _11_ o'clock _A_ M.

Executed at _1999 Bryan St. Ste 900 Dallas, TX 7901_, within the County of __

_Dallas_, at _1:12_ o'clock _P_ M. on the _11_ day of

_December_, 20_19_, by delivering to the within named _Allstate Texas Lloyd's_

_c/o Corporation System through Terri Thongsavat_, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____ County, Texas

By: ___ PSC 16034 12.31.20 _____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

"My name is _John Buford Jr_,
                    (First, Middle, Last)

my date of birth is ███████, and my address is _7910 N. Glen Dr. Irving, TX 75063_,
                                                                        (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _Dallas_ County, State of _Texas_, on the

day of _12-11-19_ _____

_____
Declarant / Authorized Process Server

___ PSC 16034 12.31.20 _____
(Id # & expiration of certification)

---

**ORIGINAL**
Citation (Original Petition) issued to Allstate Texas Lloyd's on 12/11/2019.

Filed
12/23/2019 9:52 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

CAUSE NO. 19-DCV-268450

| | |
|---|---|
| TIMOTHY BRYAN HORNER AND KATHRYN DENISE HORNER, | IN THE DISTRICT COURT |
| Plaintiffs, | |
| V. | 268TH JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYD'S | |
| Defendant. | FORT BEND COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYD'S, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by §542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees

Horner, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0552132003.1

Page **1** of **4**

incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

Horner, et al. vs. Allstate                                                                                                    Page **2** of **4**
Defendants' Original Answer and Request for Disclosure
0552132003.1

service email address, and service through any other email address will be considered invalid.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE TEXAS LLOYD'S, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

_____

**MICHAEL MAUS**
TBN:  24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

Horner, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0552132003.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 23rd day of December, 2019, to:

Chad T. Wilson
Tara L. Peveto
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
eservice@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS          *VIA E-SERVE*

_____
**MICHAEL MAUS**

Horner, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0552132003.1                                                                 Page **4** of **4**